CLOSED

# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: 1:16–mj–02317–PAW All Defendants
### *Internal Use Only*

Case title: USA v. Jones

Date Filed: 03/14/2016
Date Terminated: 03/17/2016

Assigned to: Magistrate Judge Patrick A. White

**Defendant (1)**

**Mark A. Jones**
09119–104
*YOB: 1952; ENGLISH*
*TERMINATED: 03/17/2016*

represented by **Jeffrey A. Denner**
Denner Pellegrino, LLP
Four Longfellow Place
35th Floor
Bostaon, MA 02114
617–227–2800
Fax: 617–973–1562
Email: jdenner@dennerpellegrino.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Temporary*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| COMPLAINT/DISTRICT/MASSACHUSETTS/WIRE FRAUD | |

**Plaintiff**

**USA**                                    represented by   **Cary Oren Aronovitz**
                                                            United States Attorney's Office
                                                            Southern District of Florida
                                                            99 NE 4th St
                                                            Miami, FL 33132
                                                            3059619131
                                                            Email: cary.aronovitz@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: Retained*

| Date Filed | # | Page | Docket Text |
|------------|---|------|-------------|
| 03/14/2016 | 1 | 3 | Magistrate Removal of Complaint from the District of Massachusetts; Case number in the other District 16–1005–DLC, as to Mark A. Jones (1). (cg1) (Entered: 03/14/2016) |
| 03/14/2016 | 2 | 12 | Minute Order for proceedings held before Magistrate Judge Patrick A. White: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Mark A. Jones held on 3/14/2016. Bond set: Mark A. Jones (1) Court sets temporary $1,000,000 Psb. Date of Arrest or Surrender: 3/13/16. Bond Hearing set for 3/17/2016 10:00 AM in Miami Division before MIA Duty Magistrate. Removal Hearing set for 3/17/2016 10:00 AM in Miami Division before MIA Duty Magistrate. Report Re: Counsel Hearing set for 3/17/2016 10:00 AM in Miami Division before MIA Duty Magistrate. (Digital 13:35:50/13:40:37) Signed by Magistrate Judge Patrick A. White on 3/14/2016. (cg1) (Entered: 03/14/2016) |
| 03/17/2016 | 3 | 13 | Minute Entry for proceedings held before Magistrate Judge Patrick A. White: **Report Re Counsel** Hearing as to Mark A. Jones held on 3/17/2016. Status Conference re: bond/removal as to Mark A. Jones held on 3/17/2016. Attorney added: Jeffrey A. Denner for Mark A. Jones (Digital 10:08:37/10:21:25/10:25:50) (cg1) (Entered: 03/17/2016) |
| 03/17/2016 | 4 | 14 | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Jeffrey A. Denner appearing for Mark A. Jones (cg1) (Entered: 03/17/2016) |
| 03/17/2016 | 5 | 15 | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Mark A. Jones (cg1) (Entered: 03/17/2016) |
| 03/17/2016 | 6 | 16 | ORDER OF REMOVAL ISSUED to District of of Massachussets as to Mark A. Jones Closing Case for Defendant. Signed by Magistrate Judge Patrick A. White on 3/17/2016. (cg1)<br><br>**NOTICE: If there are sealed documents in this case, they may be unsealed after 1 year or as directed by Court Order, unless they have been designated to be permanently sealed. See Local Rule 5.4 and Administrative Order 2014–69.** (Entered: 03/17/2016) |
| 03/17/2016 | 7 | 17 | $1,000,000.00 PSB Bond Entered as to Mark A. Jones Approved by Magistrate Judge Patrick A. White. *Please see bond image for conditions of release.* (cg1) (Entered: 03/17/2016) |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### District of Massachusetts

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Mark A. Jones | )  Case No. |
| | )  16-1005-DLC |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

*16-2317-White* (handwritten)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___November 2014 - July 2015___ in the county of ___Suffolk___ in the District of ___Massachusetts___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 1343 | Wire Fraud |

This criminal complaint is based on these facts:

See Affidavit of Special Agent Keith Brown

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Keith Brown, FBI
*Printed name and title*

Sworn to before me and signed in my presence

Date:    ___03/11/2016___

_____
*Judge's signature*

City and state:    ___Boston, MA___    Hon. Donald L. Cabell, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF SPECIAL AGENT KEITH T. BROWN

I, Keith T. Brown, being duly sworn depose and state as follows:

1.      I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since July 2014.  I am presently assigned to a squad that investigates economic crimes, including wire fraud.

2.      I make this affidavit in support of a criminal complaint charging MARK ANDERSON JONES with wire fraud in violation of 18 U.S.C. § 1343.

3.      In particular, I have probable cause to believe that JONES engaged in a Ponzi scheme in which he paid investment returns, or repaid investment principal, to investors from new capital provided by other investors, rather than from profits earned by his purported business.

4.      The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit sets forth only those facts that establish that there is probable cause for the issuance of a criminal complaint as to the named individual and does not set forth all of my knowledge of this matter.

## BACKGROUND

5.      MARK ANDERSON JONES ("JONES"), 64, is a United States citizen who formerly resided in Massachusetts and currently resides Jamaica.

6.　From at least 2007 through 2015, JONES obtained approximately $10 million in investments from more than 20 individuals for the purported purpose of providing bridge financing to Jamaican businesses.  Jamaican banks can take time to close loans to businesses, and JONES claimed that he was offering these businesses bridge loans as an interim measure (i.e., to "bridge" the gap between the date a loan was sought from Jamaican banks and the distribution of funds by those banks).

7.　In reliance on JONES' representations that their money was being used to fund bridge loans, JONES' investors, including investors in Massachusetts, provided financing, and expected a return on their investments, based on the anticipated interest that the businesses were to pay pursuant to the terms of the bridge loans.

8.　JONES provided investors with promissory notes and periodic account statements, which memorialized and detailed the investments, earnings, and distributions.

9.　In reality, however, beginning in at least November 2014, JONES stopped using investor money to fund bridge loans.  Instead, he used new investor money to pay back other investors.

## THE SCHEME TO DEFRAUD

10.　As set forth below, beginning in at least November 2014 and continuing through at least July 2015, JONES engaged in a scheme to defraud in which he obtained money from individuals for investments based on false representations regarding how the invested money would be used, and he misappropriated the funds for other uses.

### Investor-1

11.    For example, one investor ("Investor-1") initially provided JONES money in or about November 2009 for the purpose of investing in bridge loans. JONES sent Investor-1 an e-mail describing the bridge loan investment opportunity. Subsequently, JONES sent Investor-1 periodic account statements for "The Bridge Fund," which detailed her investment balance.

12.    In or about November 2014, Investor-1 provided an additional $300,000 to JONES for the purpose of investing in bridge loans. Bank records reflect that JONES deposited the $300,000 by check into his Wells Fargo account on or about November 17, 2014. In the memo line of the check, Investor-1 wrote for "Bridge Fund."

13.    After JONES deposited Investor-1's $300,000, the account balance in his Wells Fargo account was approximately $301,993.[1]

14.    Thereafter, and instead of investing Investor-1's funds into bridge loans, JONES used Investor-1's money to pay other bridge loan investors. Specifically, bank records show that on or about November 28, 2014, JONES transferred approximately $145,390 to other bridge loan investors. Then, on or about December 1 and December 3, 2014, JONES transferred approximately $130,000 to one bridge loan investor and approximately $21,000 to another bridge loan investor. All of these transfers were made by interstate wire.

15.    Account statements prepared by JONES and correspondence with recipients of the wire transfers show that JONES represented the payments set forth in paragraph 14 above as "interest" or repayment of their invested principal.

---

[1] Bank records further show that between approximately November 21, 2014 and November 28, 2014, JONES deposited an additional approximately $45,000 and withdrew approximately $5,000. After these transfers, the balance of JONES' Wells Fargo account on or about November 28, 2014 was approximately $340,000, approximately $300,000 of which was provided by Investor-1.

16.     For example, on or about November 28, 2014, JONES sent an e-mail to one of the bridge loan investors to whom he transferred a portion of Investor-1's funds stating: "I just did your interest payment today, and will make the principal payment on Monday. I have updated your account statement for same, which is attached."

17.     Similarly, on or about December 1, 2014, JONES sent an e-mail to another bridge loan investor to whom he transferred a portion Investor-1's funds stating: "I have wired $21,000 to you--this brings your regular investment account up to date--statement [for 'The Bridge Fund'] attached."

### Investor-2

18.     Thereafter, on or about January 6, 2015, JONES sent an e-mail to another investor ("Investor-2") attaching a December 2014 "account statement" for The Bridge Fund. According to that account statement, Investor-2's investment was approximately $4.2 million. The December 2014 account statement also reflected that Investor-2 withdrew $100,000 in October 2014.

19.     In the same January 6, 2015 email, JONES solicited Investor-2 for another investment. Specifically, JONES wrote: "[y]ou had mentioned you might re-invest the $100k you took out at end of year [sic]. I do have a home for it if this is still your thought."

20.     The next day, Investor-2 responded by e-mail and advised that he could invest "anywhere from 100K to 200K," but that it would take a couple of weeks to arrange his funds.

21.     On or about January 15, 2015, JONES sent Investor-2 another e-mail about the prospective new investment.  Specifically, JONES attached a "promissory note" and a "personal guaranty" concerning the new money that Investor-2 intended to transfer to JONES.  In that e-mail, JONES also attached an "Investment Agreement" and "Attachment A," both of which referred to a "portfolio of bridge loans" as of January 2015.  The Investment Agreement provided by JONES stated that, among other things, Investor-2 "has given authorization to JONES to invest [Investor-2's] funds in the portfolio, and to administer [Investor-2's] investment in the portfolio."  Attachment A was a schedule identified as the "January 2015 Portfolio," which summarized the loans in which Investor-2 was purportedly invested at that time.

22.     Bank records show that, on or about January 22, 2015, Investor-2 deposited $200,000 via interstate wire transfer into JONES' Wells Fargo account.

23.     With the addition of Investor-2's investment, on or about January 22, 2015, the balance in JONES' Wells Fargo account was approximately $208,310.

24.     Notwithstanding JONES' representations to Investor-2 regarding use of the re-invested funds, bank records show that JONES used approximately $180,000 to pay four other bridge loan investors.  Of that $180,000, JONES transferred approximately $147,394 of Investor-2's money to "Investor-3."

25.     Correspondence from JONES to Investor-3 shows that JONES represented the payments set forth in paragraph 24 above as "interest" and repayment of her invested principal.

26.     For example, on or about January 14, 2015, JONES sent an e-mail to Investor-3, which stated: "Attached are the year-end statements for your loans. I am going to make payments on or around Tuesday/Wednesday next week---$20,625 interest for the main loan account, and then $126,769.27 for the loan you are withdrawing [total of $147,394.27]."  Approximately ten days later, JONES sent Investor-3 another e-mail: "sending wire tomorrow morning."  JONES' e-mail correspondence with Investor-3 is a reference to the approximately $147,394 he paid to Investor-3 from Investor-2's funds.

### Lulling Efforts

27.     Between approximately November 2014 and July 2015, JONES also continued to lull other bridge loan investors into believing that they would receive payments.

28.     For example, on or about November 29, 2014, JONES sent a series of e-mails to an investor in Massachusetts ("Investor-4").  Specifically, in response to Investor-4's request to redeem his investments, JONES sent an e-mail in which JONES attached an account statement purportedly reflecting the status of Investor-4's investment.  JONES also wrote "[n]o problem with redemption—is typically 90 days, but in view of amount and your needs, can probably organize in 60."  It is my understanding that Investor-4 is still seeking a return on his investment from JONES.

29.     In or about June and July 2015, another investor ("Investor-5") sent a series of e-mails to JONES seeking interest payments.  On or about June 30, 2015, Investor-5 sent an e-mail to JONES asking for confirmation that he would receive interest payments of approximately $15,000 each month through September 2015.  Investor-5 also asked for a list of outstanding bridge loans.  Investor-5 further wrote: "hate to ask but I have about $1,300,000 with you, most of my life savings, and I want reassurance."  JONES did not respond until on or about July 2, 2015, when he sent an e-mail to Investor-5 stating: "[s]orry for delay in response---I understand your requirements and will respond accordingly. As we spoke I am finalizing a bank funding transaction in the next week which will be well in advance of your end of month funding requirement.  Paperwork to follow."

30.     However, on or about the day before JONES responded to Investor-5, bank records show that JONES transferred $50,000 from his Wells Fargo account to a law firm (the "Law Firm").  The Law Firm's publicly available website advises that the firm specializing in criminal defense work.

31.     Investor-5 did not subsequently receive interest payments.

## Conclusion

32.     Based on my knowledge, training and experience and the facts set forth in this affidavit, I have probable cause to believe and that, from at least November 2014 and continuing through at least July 2015, JONES committed wire fraud, in violation of 18 U.S.C. § 1343.

Sworn under the pains and penalties of perjury.

_____
Keith T. Brown
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
On March 11, 2016

_____
DONALD L. CABELL
UNITED STATES MAGISTRATE JUDGE



# MINUTE ORDER

Page 2

## Magistrate Judge Patrick A. White

**Atkins Building Courthouse - 3rd Floor**     Date: 3/14/2016     Time: 1:30 p.m.

Defendant:  Mark Anderson Jones     J#: 09119-104     Case #: 16-2317-WHITE

AUSA: Cary Aronovitz     Attorney: _____

Violation: Warrant/Complaint/MA/Wire Fraud     Surr/Arrest Date: 3/13/2016     YOB: 1952

Proceeding: Initial Appearance     CJA Appt: _____

Bond/PTD Held: ☐ Yes  ☐ No     Recommended Bond: _____

Bond Set at: _____     Co-signed by: _____

☐ Surrender and/or do not obtain passports/travel docs

☐ Report to PTS as  directed/or _____ x's a week/month by
phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial Services
Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses, except through counsel

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or
Curfew _____ pm to _____ am, paid by

☐ Allowances: Medical needs, court appearances, attorney visits,
religious, employment

☐ Travel extended to: _____

☐ Other: _____

Language: English

Disposition:

-Temp $1,000,000 PSB
Co-signed by wife

(Deft cannot be released
until special conditions
are imposed)

**NEXT COURT APPEARANCE**     Date:     Time:     Judge:     Place:

Report RE Counsel: _____

PTD/Bond Hearing:  3/17  10:00  duty  Miami

Prelim/Arraign or Removal: _____

Status Conference RE: _____

D.A.R. 13:35:50 / 13:40:37     Time in Court: 5 minutes

s/Patrick A. White     Magistrate Judge

# COURT MINUTES

Page 6

## Magistrate Judge Patrick A. White

**Atkins Building Courthouse - 3rd Floor**    Date: 3/17/16    Time: 10:00 a.m.

Defendant: Mark A. Jones    J#: 09119-104    Case #: 16-2317-White

AUSA: _Ignacio Vazquez_    Attorney: _Federal Pub. Jeoffrey Denner_
_& B. Fleisher - (local Cns)_

Violation:  Cmp/Dist/MA/Wire Fraud

Proceeding: Report Re: Counsel/Bond/Removal    CJA Appt: _____

Bond/PTD Held: ☑Yes ☐No    Recommended Bond: _____

Bond Set at: Temp. $1,000,000 Psb    Co-signed by: _____

☑ Surrender and/or do not obtain passports/travel docs    Language: English

☑ Report to PTS as _directed/or_ _____ x's a week/month by
phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial Services
Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☑ Home Confinement/Electronic Monitoring and/or
Curfew _10:00_ pm to _6:00_ am, paid by _deft_

☐ Allowances: Medical needs, court appearances, attorney visits,
religious, employment

☑ Travel extended to: _SD of Fl & Dist of Massachusetts_

☑ Other: _Provide address to PTS before release_

Disposition:
No Atty Present at I/A

- Deft Waived Removal

- Set up $1,000,000 PSB
Co-Signed by wife

- Landline phone number
to be provided to PTS.

( Released )

| NEXT COURT APPEARANCE | Date: | Time: | Judge: | Place: |
|---|---|---|---|---|
| Report RE Counsel: | | | | |
| PTD/Bond Hearing: | | | | |
| Prelim/Arraign or Removal: | | | | |
| Status Conference RE: | | | | |

D.A.R. _10:08:37 / 10:21:23 / 10:25:50_    Time in Court: _10 minutes_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-2317- WHITE

UNITED STATES OF AMERICA,
            Plaintiff,

                                    **NOTICE OF TEMPORARY**
v.                               **APPEARANCE AS COUNSEL**

_MARK JONES_
            Defendant.

COMES NOW  _JEFFROY DENNER_  and

files this temporary appearance as counsel for the above named defendant(s) at initial appearance.

This appearance is made with the **understanding** that the undersigned counsel will fulfill any

**obligations imposed** by the Court such as **preparing and filing documents** necessary to

collateralize any personal surety bond which may be set.

Counsel's Name (**Printed**):  _JEFFROY DENNER_

Counsel's Signature:  _____

Address (include City/State/Zip Code):  _4 LONGFELLOW PLACE_
                          _BOSTON MA 02114_

Telephone: _617- 227-2800_  ~~Florida~~ MASS Bar Number: _120520_

Date: _3/17/16_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _16-2317-WHITE_

UNITED STATES OF AMERICA,

Plaintiff,

vs.                                    **WAIVER OF REMOVAL HEARING**

Defendant. _MARK JONES_

I, _Mark Jones_, Charged in a proceeding pending in the _District of Mass_

and having been arrested in the Southern District of Florida and taken before **PATRICK A.
WHITE**, a United States Magistrate Judge for that district, who informed me of the charge and of

my right to retain counsel or request the assignment of counsel if I am unable to retain counsel, and

to have a hearing or execute a waiver thereof, do hereby waive a hearing before the aforementioned

magistrate and consent to the issuance of a warrant/order for my removal to _District of Massachusetts_

where the aforesaid charge is pending against me.

**DONE** and **ORDERED** at Miami, Florida this _17th_ day of _March._ , 2016.

Witness.

_____
**PATRICK A. WHITE**
UNITED STATES MAGISTRATE JUDGE

_____
Signature of Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 16-2317-White

United States of America
       Plaintiff,

   v.

Mark A. Jones,
       Defendant.

_____/

## ORDER OF REMOVAL

It appearing that in the District of Massachussets, an Indictment was filed against the above-named defendant on a charge of **Wire Fraud**, and that the defendant was arrested in the Southern District of Florida and was given a hearing before United States Magistrate Judge Patrick A. White at Miami, Florida, which officially committed the defendant for removal to the, it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge Patrick A. White for removal and posted bail in the amount of $ 1,000,000 PSB which was approved by the United States Magistrate Judge Patrick A. White, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bond furnished by the defendant, and it is further ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at Miami, Florida on 3/17/16.

Patrick A. White
United States Magistrate Judge

(Rev 03/ 2016)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### APPEARANCE BOND: _____

**CASE NO.:** 16-2317- WHITE

UNITED STATES OF AMERICA
                Plaintiff,                                    **JAIL #** 09119-104

v.

_____MARK JONES_____/
                Defendant,

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of
$ _One Million Dollars (1,000,000.00)_____ .

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

    1.  Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

    2.  May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court  or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

    3.  May not change his or her present address as recorded on this bond without prior permission in writing from the court.

    4.  Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

    5.  The defendant must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

    6.  Shall not commit any act in violation of state or federal laws.

17

DEFENDANT: *Mark Jones*
CASE NUMBER:
PAGE TWO

### SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

☑ a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

☑ b. Report to Pretrial Services as follows: ☑ *as directed or* _____ *time(s) a week in person and* _____ *time(s) a week by telephone;*

☐ c. Submit to substance abuse testing and/or treatment;

☐ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

☐ e. Participate in mental health assessment and/or treatment;

☐ f. Participate and undergo a sex offense specific evaluation and treatment;

☐ g. Maintain or actively seek full-time employment;

☐ h. Maintain or begin an educational program;

☐ i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

☐ j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

☐ k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own until the bond is discharged, or otherwise modified by the Court;

☐ l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.;*

☐ m. No access to the internet via any type of connectivity device *(i.e. computers, pda's, cellular phones, tv's),* and follow instructions as outlined in the agreement waiver provided to you by Pretrial Services;

☑ n. **HOME CONFINEMENT PROGRAM** The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ~~will not or~~ ☑ **will include electronic monitoring or other location verification system, paid for by the defendant** *based upon his/her ability to pay* ☐ **or paid for by Pretrial Services** ☐.

    ☑ **Curfew:** You are restricted to your residence every day from ~~8:00 to 7:00~~ , or as directed by the Court. *10:00PM to 6:00 AM*

    ☐ **Home Detention:** You are restricted to your residence at all times except for: ☐ **medical needs or treatment,** ☐ **court appearances,** ☐ **attorney visits or court ordered obligations, and** ☐ **other** _____ .

☐ o. **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program.
    You are restricted to the halfway house at all times except for: ☐ **employment;** ☐ **education;** ☐ **religious services;** ☐ **medical, substance abuse, or mental health treatment;** ☐ **attorney visits;** ☐ **court appearances;** ☐ **court ordered obligations;** ☐ **reporting to Pretrial Services; and** ☐ **other**

☑ p. May travel to and from: *SD of Fl & Dist of Massachusetts* , and must notify Pretrial Services of travel plans before leaving and upon return.

☑ q. Comply with the following additional conditions of bond:
*Provide address to PTS before Release*
*Provide Landline to PTS phone number to PTS*

18

DEFENDANT: Mark Jones
CASE NUMBER:
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)    an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)    an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)    any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)    a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: **Mark Jones**
CASE NUMBER:
PAGE FOUR

### PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

### SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

| NOTE: Page 5 of this form MUST be completed before the bond will be accepted for filing. |
|---|

#### DEFENDANT

Signed this _17th_ day of _March_, 20 16 at _Miami_, Florida

Signed and acknowledged before me:
WITNESS: _Jeffrey Dennen, Esq_
_JEFFREY DENNEN_

DEFENDANT: (Signature) _Mark Jones_
City: _Miami_   State: _FL_

#### CORPORATE SURETY

Signed this _____ day of _____, 20 16 at _____, Florida

SURETY: _____
City: _____ State: _____

AGENT: (Signature) _____
PRINT NAME: _____

#### INDIVIDUAL SURETIES

Signed this _17th_ day of _March_, 20 16 at _Miami_, Florida   Signed this ____ day of _____, 20 16  at _____, Florida

SURETY: (Signature) _Jones_
PRINT NAME: _Julie Jones_
RELATIONSHIP TO DEFENDANT: _WIFE_
City: _Kingston_   State: _Jamaica_

SURETY: (Signature) _____
PRINT NAME: _____
RELATIONSHIP TO DEFENDANT: _____
City: _____ State: _____

Signed this ___ day of _____, 20 16 at _____, Florida   Signed this ___ day of _____, 20 16  at _____, Florida

SURETY: (Signature) _____
PRINT NAME: _____
RELATIONSHIP TO DEFENDANT _____
City: _____ State: _____

SURETY: (Signature) _____
PRINT NAME: _____
RELATIONSHIP TO DEFENDANT: _____
City: _____ State: _____

APPROVAL BY COURT

Date: _3/17/16._

**PATRICK A. WHITE**
**UNITED STATES MAGISTRATE JUDGE**

**United States District Court**
**Southern District of Florida**

Case Number: _16-2317-WHITE_

# SUPPLEMENTAL ATTACHMENT(S)

Please refer to supplemental paper "court file" in the division where the Judge is chambered. These attachments must <u>not</u> be placed in the "chron file".

<u>Documents Retained in Supplemental Case Files</u> (Scanned or Not Scanned)

<u>Civil Case Documents</u>
___ • Handwritten documents/pleadings (i.e., pro se)
___ • Poor quality scanned images
___ • Photographs
___ • CD, DVD, VHS tapes, cassette tapes
___ • Surety bonds
___ • Exhibits that cannot be scanned (e.g., objects)
___ • Bound extradition papers
___ • Jury verdict
___ • Jury notes (unredacted)
___ • Jury selection materials (seating charts, challenges, etc.)

<u>Criminal Case Documents</u>
___ • Handwritten documents/pleadings (i.e., pro se)
___ • Poor quality scanned images
___ • Photographs
___ • CD, DVD, VHS Tape, Cassette Tapes
___ • Bond documentation  (Page 5 - Confidential Information)
___ • Exhibits that cannot be scanned (e.g., objects)
___ • Indictments
___ • Arrest warrants
___ • Jury verdict
___ • Jury notes (unredacted)
___ • Jury selection materials (seating charts, challenges, etc.)

Date: _3/17/16_

Revised: 8/20/2012